# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Marriage of: | No.  59910-4-II |
| SHEILA RENEE SWAN, | |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| CRAIG CHRISTOPHER SWAN, | |
| Respondent. | |

PRICE, J. — Sheila Swan appeals the superior court's orders finding her in contempt for violating the superior court's final child support order.  We affirm.

## FACTS

In 2018, the superior court entered a final order modifying child support for C.S. and F.S., the children of Sheila and Craig Swan.[1]  Among its provisions, the final child support order provided that the parents had the right to claim F.S. as a dependent on their federal taxes on alternating years.  Craig was entitled to this tax benefit on even years, Sheila on odd years.

On January 11, 2023, Craig filed a motion for contempt alleging that Sheila had improperly claimed F.S. as a dependent on her 2020 tax return, contrary to the terms of the child support order.  Craig alleged Sheila's violation of the child support order resulted in an increased tax liability for him of $7,146.  In support of the motion for contempt, Craig included an email exchange with

---

[1] Because Sheila and Craig Swan share the same last name we use their first names for clarity.  We intend no disrespect.

Sheila in which she stated that she claimed F.S. as a dependent in 2020 by accident. In the email, Sheila agreed that Craig could claim F.S. in 2021. But notwithstanding this agreement, once again, Sheila claimed F.S. as a dependent in 2021. This time, however, Sheila did not say it was an accident—Sheila told Craig that she was entitled to claim F.S. in 2021 because, under federal tax law, F.S. was not a qualifying child for Craig. The hearing on the motion for contempt was heard on January 25.

At the hearing, Sheila argued that she was not in contempt because the Internal Revenue Service (IRS) informed her that she had the right to claim F.S. under the federal tax code. The superior court commissioner explained that the federal tax law applies unless a Washington court specifically orders something different. And here, because of the terms of the child support order, Sheila was required to allow Craig to claim F.S. as an exemption in even years. Accordingly, the commissioner found that Sheila violated the child support order by claiming F.S. in 2020. The commissioner set the case over until February 1 for presentation of the order and to allow Craig to present documentation supporting the alleged increased tax liability of $7,146.

At the February 1 hearing, Craig told the commissioner that he was unable to obtain a printout of his original tax filing for 2020 and, therefore, could not document the difference in tax liability resulting from Sheila wrongfully claiming F.S. in 2020. So, instead of awarding monetary damages, the commissioner decided to order Sheila to file an amended tax return for 2021 so that Craig could claim F.S. for 2021. The commissioner entered a written order finding Sheila in contempt which required Sheila to pay $1,000 in sanctions and to file an amended 2021 tax return by February 22.

Sheila apparently failed to comply with the order. In June 2023, Craig filed another motion for contempt. In support of his motion, Craig alleged that, instead of amending her 2021 tax return as ordered, Sheila had reported him for attempted tax fraud. She also initiated a tax investigation against Craig and refused to amend her 2021 tax return until the investigation was completed. In response, Sheila stated she was continuing to comply with federal tax law and the advice of tax professionals, including the IRS Tax Payor Advocate who instructed her to file a fraud complaint regarding Craig's attempt to claim F.S. as a dependent.

Craig's new contempt motion was heard by a superior court judge on July 14. At the hearing, Sheila continued insisting that she was not refusing to comply with the commissioner's order but was trying to comply with federal law and the instructions of the IRS. The judge rejected Sheila's excuse and again required her to file an amended 2021 tax return. The judge further ordered that Sheila pay $50 per day until the amended tax return was filed. The judge set a review hearing for September 8.

Still refusing to file an amended 2021 tax return, Sheila filed a notice of disqualification against the judge. At the September 8 review hearing, the judge noted the filing of Sheila's notice of disqualification, but because discretionary rulings had already been made in the case, the judge refused to remove herself. Sheila then repeated her earlier argument that she was following federal tax law and that the superior court did not have the authority to order her to act contrary to what the IRS tax advocate instructed her to do.

Ultimately, the judge became convinced that Sheila was going to continue to refuse to amend her 2021 tax return. Thus, the judge appointed an attorney to represent Sheila and set the matter for a hearing to decide whether Sheila should be jailed for refusing to comply with the superior court's orders.

Sheila still refused to amend her tax return. On November 3, the judge remanded Sheila into custody and set another review hearing five days later on November 8. When Sheila continued to refuse to amend her tax returns after five days in jail, the judge ordered Sheila released from custody. At that point, instead of continuing to require Sheila to amend her tax return, the judge decided to enter a monetary judgment against Sheila so Craig could "get the money back for your—whatever you didn't get in your taxes." Verbatim Rep. of Proc. (VRP) at 100. After Craig told the superior court he could not produce a specific figure, the superior court ordered Sheila to pay $6,000 within 60 days.

Sheila appeals.

## ANALYSIS

Sheila raises numerous errors related to the superior court's contempt orders. We address four alleged errors: (1) the commissioner erred in finding her in contempt because the federal tax law supersedes the final child support order, (2) the judge erred in refusing to abide by her notice of disqualification, (3) the judge erred by imposing $6,000 in sanctions against her for the

contempt, and (4) the judge erred by incarcerating her for five days as a sanction for her failure to comply with the superior court's orders.[2]

A. CONTEMPT FINDING

Sheila argues that the commissioner improperly found her in contempt because the federal tax law supersedes the final child support order. We disagree.

"We review a trial court's decision in a contempt proceeding for an abuse of discretion." *In re Marriage of Ecklund*, 143 Wn. App. 207, 212, 177 P.3d 189 (2008). A trial court abuses its discretion by exercising its discretion on untenable grounds or for untenable reasons. *Id.* We review questions of statutory interpretation de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014).

---

[2] Sheila also raised numerous issues related to allegations of abusive use of conflict and interference with the parenting plan, prior allegations of domestic violence, stalking, harassment, conspiracy, and intentional infliction of emotional harm. These allegations are outside the scope of the orders on appeal and the factual assertions underlying them are unsupported by the record on appeal. *See* RAP 2.4(a) (Generally, this court will review the decision designated in the notice of appeal.); RAP 10.3(a)(5) ("Reference to the record must be included for each factual statement."). Accordingly, we do not further address the assignments of error related to these allegations.

Further, Sheila argues that the superior court erred under Clark County Superior Court Local Court Rule 4.1(h)(1) because a motion for contempt should have been heard by the assigned family law judge rather than a commissioner. Clark County LCR 4.1(h)(1) ("The following types of cases shall be heard by the assigned family law judge on their motion dockets or calendar and shall not be set on a commissioner's dockets or calendar: . . . Post-Final Order Motions (including but not limited to Motions for Contempt, or to Enforce of Clarify Final Orders) . . . ."). However, this section of the local court rule was not effective until September 2023, several months after the initial motion for contempt was heard by the superior court commissioner. Accordingly, Clark County LCR 4.1(h)(1) did not apply at the time the motion for contempt was heard by the superior court Commissioners (January-July 2023).

RCW 26.09.050(1) requires the superior court to "make provision for the allocation of the children as federal tax exemptions . . . ." It is well-established that domestic relations are an area in which states have a particular interest and, therefore, federal tax law does not preclude the Washington state courts from retaining authority to order an allocation for claiming children as federal tax exemptions. *In re Marriage of Peacock*, 54 Wn. App. 12, 16, 771 P.2d 767 (1989).

Although Sheila relies on changes to the federal tax law that occurred since 2020, she has not identified any language in the tax law that demonstrates Congress now intends to preempt state authority in allocating federal tax exemptions for children. *See id.* at 15-16. Thus, the commissioner did not abuse their discretion in finding that Sheila was in contempt for failing to comply with the child support order (which allowed Craig to claim F.S. as a federal tax exemption in 2020) and ordering her to amend her 2021 tax return to allow Craig to claim F.S.

B. DISQUALIFICATION OF SUPERIOR COURT JUDGE

Sheila also argues that the judge erred by refusing to abide by her notice to disqualify the judge. We disagree.

RCW 4.12.040 provides that no superior court judge will hear a case if the judge has been disqualified under RCW 4.12.050. RCW 4.12.050 provides, in relevant part:

> (1) Any party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to these limitations:
>
> (a) Notice of disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case.

Here, Sheila attempted to disqualify the judge in August—a month after the superior court had heard Craig's motion for contempt in July. At the contempt hearing in July, the judge made several discretionary rulings, including a finding that Sheila was in contempt for failing to comply

with the commissioner's order to amend her 2021 tax return. These rulings necessarily involved an exercise of the judge's discretion. Because the judge had already made discretionary rulings in the case, the superior court judge could not be disqualified under RCW 4.12.050. Thus, the judge properly rejected the notice to disqualify.

C. MONETARY SANCTIONS

Next, Sheila argues that the judge improperly ordered her to pay $6,000 in punitive sanctions. We disagree.

A superior court may impose sanctions for contempt of court. RCW 7.21.020. Sanctions may be either remedial or punitive. RCW 7.21.030, .040. Remedial sanctions may be imposed after notice and a hearing. RCW 7.21.030. Punitive sanctions may only be imposed after complying with all the procedural requirements of RCW 7.21.040. In addition to remedial sanctions authorized by RCW 7.21.030, the superior court may "order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees." RCW 7.21.030(3).

Here, Sheila characterizes the $6,000 imposed by the superior court as a punitive sanction, but we disagree. Initially, the commissioner intended to compensate Craig for the losses resulting from Sheila improperly claiming the tax exemption for F.S. Craig estimated the difference in taxes owed was approximately $7,100 but, ultimately, was unable to produce documentation supporting the specific amount of the loss. Because Craig could not produce documentation of the loss, the commissioner determined an appropriate remedy would be to order Sheila to amend her tax return so Craig could subsequently amend his tax return. However, when Sheila refused to comply with

7

the court order to amend her tax return, the superior court only ordered Sheila to pay the $6,000 (an amount close to the $7,100 in losses claimed by Craig). Considering the record as a whole, it is clear that the superior court ordered Sheila to pay the $6,000 to compensate Craig for his losses once the loss could not be remedied by amending the tax returns.

Because the $6,000 was ordered to compensate Craig for the losses resulting from Sheila's refusal to comply with the court's orders, the sanction is properly characterized as a remedial sanction under RCW 7.21.030(3), not a punitive sanction. Accordingly, the superior court was not required to comply with the procedural requirements of RCW 7.21.040.

D. IMPRISONMENT FOR FAILURE TO COMPLY WITH SUPERIOR COURT'S ORDERS

Finally, Sheila argues that the judge erred by ordering her incarcerated for failure to comply with the commissioner's order to amend her 2021 tax return. Because this issue is moot, we decline to review it.

An issue is moot if a court can no longer provide effective relief. *See Maldonado v. Maldonado*, 197 Wn. App. 779, 790, 391 P.3d 546 (2017). An issue that is moot is generally dismissed. *See* RAP 18.9(c).

Here, Sheila has already been released from jail. Therefore, there is no further relief this court can grant, making this issue moot. Accordingly, we decline to address it.

CONCLUSION

The superior court commissioner did not err by finding Sheila in contempt for failing to comply with the child support order which allowed Craig to claim the federal tax exemption for F.S. on even years. The superior court judge did not err by denying Sheila's motion for disqualification or by ordering Sheila to pay $6,000 in sanctions for failing to comply with the

No. 59910-4-II

commissioner's order. And whether the superior court erred by sanctioning Sheila to confinement in jail is moot. Accordingly, we affirm the superior court's orders.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

CHE, J.